Where it appeared from the affidavits of the process servers and the certificate of the sheriff that service of summons could not be obtained after diligent effort by calling at defendant's residence, and no information could be obtained as to her whereabouts, the plaintiff is entitled to an order for substituted service, under Code Civ. Proc. § 436.

Appeal from special term.

Action by Peter Malloy against Anna J. Lennon.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

James, Schell, Elkus & McGuire, for appellant.

W. J. Foster, for respondent.

O'DWYER, J.   From the affidavits of the two process servers and the certificate of the sheriff, it appears that the defendant's residence is No. 73 West Seventy-First street, in the city of New York, and that, after diligent effort to serve the summons herein by calling at said place of residence personally, service on the defendant could not be made, and no information could be had as to her whereabouts. We are of the opinion that the facts set forth in the affidavits entitled the plaintiffs to the order for substituted service.   The order granted herein complies with the requirements of section 436 of the Code of Civil Procedure, and that section applies to the city court of the city of New York.

The order appealed from should be affirmed, with costs.   All concur.

---

(22 Misc. Rep. 511.)

## DELMAGE v. CROW.

(City Court of New York, General Term.   February 7, 1898.)

1. ASSAULT—ACTION FOR DAMAGES—PLEADING.

    A complaint for assault and battery may properly allege as an incident of the assault the speaking of slanderous words where the purpose thereof is to show the malicious intent of defendant, and the complaint does not thereby embrace an action for slander.

2. RELEASE—DURESS.

    Evidence that a young woman, in a strange land, executed a release on being informed that, unless she signed it, she would be kicked off the car, is sufficient to submit to the jury the question of duress in executing the contract.

3. APPEAL—REVIEW OF EVIDENCE.

    Where the evidence is conflicting, the verdict will not be disturbed on appeal.

Appeal from trial term.

Action by Rachel Delmage against Moses R. Crow.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and O'DWYER, JJ.

Franklin Bien, for appellant.
Wilder & Anderson, for respondent.

FITZSIMONS, C. J. The complaint herein is certainly one for assault and battery, and the words which defendant's counsel claims set forth a cause of action for slander were not, in our opinion, pleaded for any such purpose, but merely allege an incident of the assault, and were set out for the purpose of showing the malicious and evil intent and design of the defendant towards the plaintiff at the time he committed the assault. Viewed in that light, we think that such words were properly embraced within the complaint, and it was proper and permissible for the trial justice to permit the utterance to be testified to upon the trial, so as to enable the jury to fix the proper rate of damages to be awarded to the plaintiff.

As to the alleged release, we think it was proper for the trial justice to submit to the jury the question, "Was it obtained under duress?" It appears that the plaintiff was informed that, unless she signed the same, she would be kicked off the car. She was a young woman, in a strange land, among strangers, apparently with no one holding out a helping hand to her, and knowing well what would happen to her if she did not sign said paper. I think, under the circumstances and the threat made against her, it was proper to let the jury determine, as a matter of fact, whether or not, in signing said paper, she acted freely or was under duress. We agree with the defendant's attorney, that, under the evidence, the jury might just as easily have decided in defendant's favor as in plaintiff's favor, because the evidence was flatly contradictory; but, as they chose to believe the plaintiff and her witnesses, we shall not disturb their conclusions.

We affirm the judgment, with costs. All concur.